<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DAVID W. ROGERS and KEVIN L. SWEET, | : | CIV. NO. 20-7379(RMB-KMW) |
| Plaintiffs | : | |
| v. | : | **OPINION** |
| WARDEN MATTHEW LEITH, *et al.* | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiffs David W. Rogers and Kevin L. Sweet, pretrial detainees presently confined in Burlington County Jail, bring this civil rights action under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Plaintiff David W. Rogers has established his financial eligibility to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(2). (IFP App., Dkt. No. 1-1.) Plaintiff Kevin L. Sweet did not submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2). Before Sweet may proceed in this action, he must either pay the filing fee or obtain IFP status. See <u>Hagan v. Rogers</u>, 570 F.3d 146, 155 (3d Cir. 2009) (finding the PLRA requires each prisoner IFP litigant to pay a full individual filing fee by installment.)

When a prisoner is permitted to proceed against government entities or officials without prepayment of the filing fee, 28

U.S.C. §§ 1915(e)(2)(B), 1915A and 42 U.S.C. § 1997(e)(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the complaint without prejudice.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A.  The Complaint

Plaintiffs allege the following in their complaint brought under 42 U.S.C. § 1983. On May 5, 2020, the E-wing Unit at Burlington County Jail went on quarantine because Officer Cleary, the first shift officer, tested positive for COVID-19. (Compl., ¶6, Dkt. No. 1.) Officer Cleary had direct contact with Plaintiffs while infected. (Id.) E-wing was never sanitized and the inmates were not immediately informed. (Id.) Between May 5 and May 12, the only step taken was temperature checks. (Id.) Symptomatic inmates were not tested for COVID-19. (Id.) Ten officers tested positive

3

for COVID-19, including Medical Officer Bell, who is dying from complications. (Compl., ¶6.) Inmates, who are pretrial detainees, feel afraid for their lives. (Id.)

Plaintiffs make claims against two defendants for failing to protect their health and safety, Warden Matthew Leith and Nurse Connie Mullins. (Compl., ¶4.) Plaintiffs allege Warden Leith allowed ten COVID-19 positive staff into Burlington County Jail with no regard to inmates' lives. (Id.) Plaintiffs allege that Nurse Practitioner Connie Mullins did not answer their grievances, take their temperatures or perform any tests in response to the COVID-19 outbreak. (Id.)

B.  Section 1983 Claims

Plaintiffs assert jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation

4

was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

1. Standard of Law

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Due Process Clause of the Fourteenth Amendment is violated when a pretrial detainee is subjected to punishment that is not reasonably related to a legitimate governmental objective. Hubbard v. Taylor, 538 F.3d 229, 236 (3d Cir. 2008). Unconstitutional

5

punishment in violation of the Fourteenth Amendment includes objective and subjective components. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component requires consideration of whether the "conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." Hubbard, 538 F.3d at 233 (internal quotation marks and citations omitted). This requires consideration of the totality of the circumstances within an institution. Id.

The subjective component of a Fourteenth Amendment Due Process claim requires a plaintiff to show the defendants acted with a sufficiently culpable state of mind. Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007).

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

Id. (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

    2.   Analysis

Plaintiff's complaint lacks sufficient detail to state a Due Process claim under the Fourteenth Amendment for several reasons. To be liable under § 1983, a plaintiff must plead "factual content

6

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although Plaintiffs allege that Warden Leith is responsible for the facility, they have not alleged the circumstances under which ten COVID-19 positive staff members were permitted to have contact with inmates. For example, Plaintiffs have not alleged how, when and by whom it was discovered that staff were infected, whether Warden Leith knowingly permitted staff to have contact with inmates after they tested positive, Plaintiffs' specific contact with infected staff and the duration and other circumstances surrounding the unavailability of masks, hand sanitizer and cleaning supplies after the COVID-19 outbreak was known to Warden Leith.

With respect to Nurse Mullins, Plaintiffs have not alleged when or how they contacted Mullins, whether they informed her of having any symptoms or described their exposure to COVID-19 and their specific requests to her. The Court will dismiss the complaint without prejudice and Plaintiffs may submit an amended complaint if they can allege additional facts in support of their claims. Plaintiff Kevin Sweet must also either pay the filing fee or submit an IFP application under 28 U.S.C. § 1915(a)(2).

An appropriate Order follows.

7

**DATE:  June 26, 2020**

                                                **s/Renée Marie Bumb**
                                                RENÉE MARIE BUMB
                                                United States District Judge